THE PRUDENCE COMPANY, INC., Plaintiff, *v.* BESSIE SUSSMAN and Others, Defendants.

Supreme Court, Queens County, May 3, 1932.

*Lynn G. Goodnough* [*Gerad I. Walters* of counsel], for the plaintiff.

*Eugene Schwartz* [*Edgar F. Hazelton* of counsel], for the defendant Sam Chodosh.

Other defendants not appearing.

DIKE, J. The plaintiff is the holder of a bond and mortgage in the sum of $100,000 and is now in this action seeking to foreclose a portion thereof to the extent of $25,000; seeking also that the sale of the mortgaged premises be made subject to a continuing lien for the balance of said mortgage. The defendant Chodosh appears in the pleadings as a guarantor of the amount due under the said bond and mortgage and is sought to be held herein for any deficiency remaining after a sale of the premises. Counsel for Chodosh challenges the plaintiff's right, *first*, to a partial foreclosure and, *second*, claims a discharge from any possible guaranty by reason of a certain modification. The mortgage, in paragraph ninth of the complaint set forth, contains the essential allegations upon the question as to the right of the plaintiff to declare any part of the principal due by reason of a default. Section 1086 of the Civil Practice Act is involved, and it seems to me that there is ample authority to uphold the theory of plaintiff's action in the instant case. Mr. Justice UNTERMYER in the *Klee* case, Special Term, Part 6, Supreme Court, New York County, June 24, 1930, convincingly discusses this problem, the facts being similar: " Treating the allegations of the complaint as true for the purposes of this motion, the plaintiff is entitled to a partial foreclosure of the mortgage under the recent amendment (Laws of 1927, chap. 683) to section 1086 of the Civil Practice Act. (*Bank of New York, etc.*, v. *Dansker*, N. Y. L. J. Aug. 28, 1928; *Stuyvesant* v. *Weil*, 26 Misc. 445; *Bank of America* v. *Tierney Sons, Inc.*, 252 N. Y. 584.) " In that case it was held to be highly inequitable to deny the right of partial foreclosure to the mortgagee. The written guaranty of the defendant Sam Chodosh, it seems to me, is ample to continue his liability under the existing conditions. I, therefore, conclude that the answer of the defendant Sam Chodosh should be stricken out with separate costs against such defendant, and plaintiff is awarded judgment of foreclosure and sale prayed for in the complaint and a deficiency judgment against said defendant Sam Chodosh. Submit proposed findings and judgment.